IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-44-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES WILLIAM YOST | ) | |

This matter is before the court on defendant's *pro se* emergency motion for compassionate release. (DE # 35.)

In 2017, defendant pled guilty to receipt of child pornography. The court sentenced him to 150 months imprisonment, representing a downward variance from the sentencing guidelines range of 210 to 240 months. In May 2020, defendant filed the instant motion. After the court directed the government to file a response, (6/18/20 Text Order), defendant filed a supplement to the motion, with supporting medical records, (DE # 36). The government then filed a response in opposition. (DE # 38.)

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 ("First Step Act"),[1] and requests immediate release from imprisonment. That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

>    the defendant's facility, whichever is earlier, may reduce the
>    term of imprisonment . . . , after considering the factors set forth
>    in section 3553(a) to the extent that they are applicable, if it finds
>    that—
>       (i) extraordinary and compelling reasons warrant
>       such a reduction . . .
>    and that such a reduction is consistent with applicable
>    policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)." "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

>    (A)   <u>Medical Condition of the Defendant</u>.—
>    (i)    The defendant is suffering from a terminal illness (i.e., a serious and
>    advanced illness with an end of life trajectory). A specific prognosis of life
>    expectancy (i.e., a probability of death within a specific time period) is not
>    required. Examples include metastatic solid-tumor cancer, amyotrophic
>    lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>    (ii)   The defendant is—
>       (I)    suffering from a serious physical or medical condition,
>       (II)   suffering from a serious functional or cognitive impairment,
>       or
>       (III)  experiencing deteriorating physical or mental health
>              because of the aging process,
>    that substantially diminishes the ability of the defendant to
>    provide self-care within the environment of a correctional facility
>    and from which he or she is not expected to recover.

(B)     Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C)     Family Circumstances.
    (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D)     Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Before considering the merits of the motion, it appears defendant fully exhausted his administrative appeal rights in the Bureau of Prisons prior to filing the motion. In April 2020, defendant submitted a request for a reduction in his sentence based on COVID-19 concerns to the Warden, which the Warden denied shortly thereafter. (Mot., Ex. A, DE # 35-1.) According to defendant, at the beginning of May 2020, he filed an appeal from that decision and has not received a response. (Mot., DE # 35, at 4.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Turning to the merits, defendant contends his medical conditions make him at a heightened risk of mortality if he contracts COVID-19 and therefore constitute an extraordinary and compelling reason for his release. (Mot., DE # 35, at 9; Suppl., DE # 36, at 1.) The government argues defendant should not be released because his medical conditions, despite the COVID-19 pandemic, do not qualify as extraordinary or compelling reasons and the § 3553(a) factors weigh against it. (Resp., DE # 38, at 14-16.)

3

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." Kibble, 2020 WL 3470508, at *2 (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). Defendant is 35 years old. He suffers from chronic respiratory, sinus, and bronchial infections, irritable bowel syndrome ("IBS"), hypertension, attention deficit disorder ("ADD"), and low vitamin D. (Mot., DE # 35, at 8; Suppl., DE # 36, at 1-6.) Current research does not indicate that any of these conditions place individuals at an increased risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 24, 2020); Carrie Macmillan, Vitamin D Deficiency and COVID-19: Is There a Connection? (June 11, 2020), https://www.yalemedicine.org/stories/vitamin-d-covid-19/ ("So, while vitamin D may prove to play a role in COVID-19 severity, more and different types of studies are needed to understand if there is a causal connection."); David T. Rubin, M.D., Coronavirus (COVID-19) Information for Patients with Inflammatory Bowel Disease (Apr. 17, 2020), https://www.uchicagomedicine.org/forefront/coronavirus-disease-covid-19/coronavirus-covid19-information-for-patients-with-inflammatory-bowel-disease ("Of the Crohn's and ulcerative colitis patients we have seen who developed COVID-19, their course and recovery is exactly like what we're seeing in the general population."). Hypertension or chronic bronchitis *might* increase an individual's risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 24, 2020). However,

defendant has "mild" hypertension, which does not require medication, and his chronic respiratory issues are treated with over-the-counter medication. (See Mot., DE # 35, at 9; Suppl., DE # 36, at 3-4.) While the COVID-19 infection rate at FCI Butner Low, where defendant is incarcerated, is high, see Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited July 27, 2020) (showing more than one half of FCI Butner Low's inmates have contracted COVID-19), and its risk of transmission within the prison setting is great, given defendant's overall health and age, it is unlikely he will become seriously ill should he contract COVID-19. Therefore, the court concludes defendant has not shown extraordinary and compelling reasons to warrant a reduction in his sentence.

Even if he had, the § 3553(a) factors do not weigh in favor of a reduction. Congress has deemed the offense defendant committed a crime of violence. See 18 U.S.C. § 3156(a)(4)(C). Defendant had more than 1,800 images and videos of child pornography, including some depicting sadistic or masochistic abuse and minors under 12 years old, on his various computer hard drives and digital media storage devices. (PSR, DE # 21, ¶¶ 18-19.) Not only did he receive child pornography, but also, he traded it with another person. (Id. ¶¶ 5-7.) Even accounting for good time credit, defendant has not served the five-year, statutorily mandated minimum term of imprisonment. Although defendant had no criminal history prior to this offense, (id. ¶ 28), and has purportedly maintained good behavior and steady employment and taken numerous educational courses while incarcerated, (Mot., DE # 35, at 10-11), a reduction in his sentence to time served (approximately eight years) would not provide just punishment for the offense or reflect the seriousness of the offense.

For the foregoing reasons, defendant's motion for compassionate release is DENIED.

This 28 July 2020.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge