IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-44-BR

UNITED STATES OF AMERICA,           )
                                    )
            v.                      )          ORDER
                                    )
JAMES WILLIAM YOST                  )

This matter is before the court on defendant's second motion for compassionate release
and motion to expand record. (DE ## 41, 42.)

In 2017, defendant pled guilty to receipt of child pornography. The court sentenced him
to 150 months imprisonment, representing a downward variance from the sentencing guidelines
range of 210 to 240 months. Defendant did not appeal. Two years ago, he filed an emergency
motion for compassionate release. In July 2020, the court denied the motion, concluding that
defendant's medical conditions combined with the COVID-19 pandemic were not extraordinary
and compelling reasons to warrant a reduction in his sentence and that the applicable 18 U.S.C. §
3553(a) factors did not weigh in favor of a reduction. (7/28/20 Order, DE # 39, at 5-6.)
Defendant did not appeal that order.

In August 2021, defendant filed the instant motions *pro se*. Pursuant to Standing Order
No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent him for purposes
of the motion for compassionate release. (DE # 43.) Appointed counsel filed a memorandum in
support of that motion. (DE # 46.) The government filed a response in opposition, (DE # 47),
supported by an exhibit, (DE # 48), and, in response to the court's order, filed defendant's
sentence computation and inmate discipline data, (DE # 45). Defendant filed a reply to the
government's response. (DE # 50.)

Because the government does not oppose defendant's motion to expand the record, that

motion will be allowed, and the court will consider the exhibits defendant filed in support of his

motion for compassionate release, (see DE ## 42-1 to -13).

Defendant again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),

as amended by the First Step Act of 2018 ("First Step Act").[1] He requests that his sentence be

reduced to time served (with or without a special condition of supervised release that he serve the

remainder of the term of imprisonment on home confinement) or, alternatively, a

recommendation that the Bureau of Prisons ("BOP") transfer him to home confinement to serve

the remainder of his sentence under 18 U.S.C. § 3621(b)(4)(B). (See Mem., DE # 46, at 1, 8.)

Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except
> that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the [BOP], or
>>> upon motion of the defendant after the defendant has fully
>>> exhausted all administrative rights to appeal a failure of the
>>> [BOP] to bring a motion on the defendant's behalf or the lapse
>>> of 30 days from the receipt of such a request by the warden of
>>> the defendant's facility, whichever is earlier, may reduce the
>>> term of imprisonment . . . , after considering the factors set forth
>>> in section 3553(a) to the extent that they are applicable, if it finds
>>> that—
>>>> (i) extraordinary and compelling reasons warrant
>>>> such a reduction . . .
>>> and that such a reduction is consistent with applicable
>>> policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release.
See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

> If a district court finds that a defendant has demonstrated "extraordinary and compelling reasons" for release, it must then consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to exercise its discretion to reduce the defendant's sentence. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment."

United States v. Jenkins, 22 F.4th 162, 170 (4th Cir. 2021) (citations omitted).

Defendant again argues that COVID-19 in light of his circumstances constitutes an extraordinary and compelling reason for release. (See Mot., DE # 41, at 20-28; Mem., DE # 46, at 5.) He further argues that the § 3553(a) factors weigh in his favor. (See Mot., DE # 41, at 28-37; Mem., DE # 46, at 7-8.) In response, the government contends that defendant has not exhausted his administrative requirements and because he has received the COVID-19 vaccine, which mitigates his risk of severe illness from COVID-19, he has not shown an extraordinary and compelling reason to justify a sentence reduction. (Resp., DE # 47, at 19-23.) Also, it argues that the § 3553(a) factors weigh heavily against any reduction. (Id. at 23-24.)

Initially, the court considers whether defendant has satisfied § 3582(c)(1)(A)'s threshold requirement, that is, whether before filing his second motion for compassionate release he fully exhausted all administrative rights to appeal the BOP's decision not to bring a motion on his behalf *or* whether he filed his second motion 30 days or more after the warden received his request. See United States v. Muhammad, 16 F.4th 126, 130-31 (4th Cir. 2021). According to

defense counsel, in February and June 2021, defendant filed requests with the wardens of his respective institutions. (Reply, DE # 50, at 1.) Because the threshold requirement "is a non-jurisdictional claim-processing rule," Muhammad, 16 F.4th at 130, the court accepts this representation. Defendant waited more than 30 days from his requests to file the instant motion, and therefore, he satisfied the statute's threshold requirement.

Next, the court considers COVID-19 and its impact on defendant. "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021); see also Centers for Disease Control and Prevention, COVID-19, Your Health, For People Living in Prisons and Jails, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Feb. 15, 2022) ("Living in prisons and jails puts you at higher risk for getting COVID-19 . . . ."). "[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, 992 F.3d 326 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021). Also, "some courts have considered the unexpected harshness of prisoners' sentences due to COVID-related lockdowns in finding extraordinary and compelling reasons for release." United States v. Bryant, No. 3:04-CR-00047-01, 2022 WL 1094731, at *4 (W.D. Va. Apr. 12, 2022) (citation omitted); see also Kibble, 992 F.3d at 335 (Gregory, J.,

4

concurring) ("A day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be.").

Defendant is now 36 years old. He relies on the same medical conditions the court previously considered with his initial motion: chronic respiratory, sinus, and bronchial infections, irritable bowel syndrome, hypertension, attention deficit disorder ("ADD"), and low vitamin D.[2] (Compare Mot., DE # 41, at 20; Mem., DE # 46, at 5, with 7/28/20 Order, DE # 39, at 4.)   Of these conditions, two—chronic bronchitis and possibly hypertension—are identified as risk factors for getting very sick from COVID-19. See Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 2, 2022). (See also Def. Exs. 2, 3, DE ## 42-2, 42-3.) Also, as defendant points out, (see Mot., DE # 41, at 22), the COVID-19 fatality rate is higher for males compared to females, Farida B. Ahmad, MPH, et al., Provisional Mortality Data — United States, 2021 (Apr. 29, 2022), available at https://www.cdc.gov/mmwr/volumes/71/wr/mm7117e1.htm. "However, defendant has 'mild' hypertension, which does not require medication, and his chronic respiratory issues are treated with over-the-counter medication." (7/28/20 Order, DE # 39, at 4-5 (citations omitted).) Furthermore, defendant has now been vaccinated, (Gov. Ex. 1, DE # 48), which reduces his risk of severe illness from COVID-19 and provides him with stronger protection against variants of the virus, see Centers for Disease Control and Protection, What You Need to Know About the Variants, https://www.cdc.gov/coronavirus/2019-ncov/variants/about-variants.html (updated Apr. 26, 2022). And, at FCI Loretto, where defendant is currently incarcerated, see BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (search BOP Register Number 63280-056) (last

---

[2] Defendant did not file any updated medical records in support of his second motion for compassionate release.

visited May 26, 2022), no inmates or staff are positive for the virus, BOP, COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last visited May 26, 2022), although the institution is

currently operating under "intense modifications," see BOP, Modified Operational Levels,

https://www.bop.gov/coronavirus/ (last visited May 26, 2022) (showing FCI Loretto as a Level 3

facility). Considering defendant's age, overall health, and the conditions at his institution

(including the lengthy period(s) of modified operations), the court concludes that he still has not

shown extraordinary and compelling reasons to warrant a reduction in his sentence.

Even if he had, the § 3553(a) factors do not weigh in favor of a reduction. As the court

recognized in considering these factors at the time of defendant's initial motion for

compassionate release:

> Congress has deemed the offense defendant committed a crime of violence. See
> 18 U.S.C. § 3156(a)(4)(C). Defendant had more than 1,800 images and videos of
> child pornography, including some depicting sadistic or masochistic abuse and
> minors under 12 years old, on his various computer hard drives and digital media
> storage devices. (PSR, DE # 21, ¶¶ 18-19.) Not only did he receive child
> pornography, but also, he traded it with another person. (Id. ¶¶ 5-7.)

(7/28/20 Order, DE # 39, at 5.)

Prior to the offense, defendant had no criminal history. He has a graduate degree. (PSR,

DE # 21, ¶ 41.) Upon being charged, he cooperated extensively with law enforcement, (see

8/13/17 Tr., DE # 40, at 8-10, 18-19), which the court explicitly accounted for at sentencing, (see

id. at 25-27). Since sentencing, he has taken courses, including a drug abuse education course,

(see Def. Ex. 10, DE # 42-10), and has not committed any prohibited acts, (Resp., Ex. 2, DE #

45-2). He has served almost 50% of his sentence of imprisonment, (see Resp., Ex. 1, DE # 45-

1), and his custody classification is low, (Def. Ex. 12, DE # 42-12).

According to defendant, a reduction in his sentence would enable him to obtain needed

medical care, including psychological care and medication for his ADD, neither of the BOP has

6

provided to him.  (Mot., DE # 41, at 33-34.)  Defendant has opportunities for employment upon his release and has strong family support.  (<u>Id.</u> at 34-35.)  He intends to resume therapy and obtain health insurance.  (<u>Id.</u> at 35.)

Considering all the circumstances, a reduction in defendant's sentence to time served (with or without a period of home confinement) would not provide just punishment for the offense or reflect the seriousness of the offense.  As for defendant's alternative request for a recommendation to the BOP to transfer him to home confinement to serve the remainder of his sentence, the court recognizes that it has the authority to make such a recommendation.  <u>See</u> <u>United States v. Kenney</u>, No. CR 1:17-00195-004, 2020 WL 261237, at *1 (S.D.W. Va. Jan. 16, 2020) ("A solid majority of federal district courts throughout the country, including courts in this circuit, have concluded that a sentencing court may make imprisonment placement recommendations on a defendant's post-sentencing motion." (citations omitted)).  Given the competing considerations involved, the court declines to make a recommendation of home confinement at this time, when defendant has nearly six years remaining of his custodial sentence.  The court leaves the evaluation of defendant's suitability for home confinement to the BOP, which has the most current information regarding defendant's health, behavior, needs, and release plan, among other things.

For the foregoing reasons, defendant's motion to expand the record is ALLOWED, and his motion for compassionate release is DENIED.

This 31 May 2022.

_____
W. Earl Britt
Senior U.S. District Judge

7